# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| IN RE: ROBERT W. JOHNSON, | Case No. 1:24-cv-113 |
| Appellant-Creditor. | Judge Matthew W. McFarland |

## ORDER DISMISSING APPELLANT-CREDITOR'S APPEAL
## FOR FAILURE TO PROSECUTE

This matter is before the Court sua sponte. On March 6, 2024, this Court received Appellant's Notice of Appeal (Doc. 1) from the United States Bankruptcy Court for the Southern District of Ohio. Upon the Court's receipt of the Bankruptcy Court Clerk's Certification of Record on Appeal, Appellant had to file his appellant brief by May 16, 2024. (*See* Certification of Record, Doc. 2.) Appellant did not do so. On August 14, 2024, this Court ordered Appellant to show cause, within fourteen days, why his appeal should not be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure. (*See* Order to Show Cause, Doc. 3.) Appellant has not responded or otherwise communicated with the Court concerning this matter.

Pursuant to Federal Rule of Bankruptcy Procedure 8003, the Court may dismiss an appeal from the bankruptcy court for failure to prosecute. Fed. R. Bankr. P. 8003(a)(2). This course of action is proper when an appellant "has shown a complete indifference to

the rules of the bankruptcy appeals proceeding." *Barclay v. U.S. Tr., Hackett*, 106 F. App'x 293, 294 (6th Cir. 2004). Indeed, district courts may exercise its discretion to dismiss an appeal where the appellant does not make his required filings "where there is a showing of bad faith, negligence, or indifference." *In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005).

Here, dismissal of the appeal is appropriate. The Court is aware that pro se parties, like Appellant, are afforded leeway in their filings, but "[that] required leniency does not amount to a wholesale exemption from bankruptcy appellate procedures." *In re Elsass*, No. 18-CV-5, 2018 WL 3142000, at *2 (S.D. Ohio, June 28, 2018). The Court warned Appellant that his appeal would be dismissed if he failed to respond to the Court's Order to Show Cause. (*See* Order to Show Cause, Doc. 3.) Yet, Appellant has failed to act, thus showing indifference at a minimum. *See Barclay*, 106 F. App'x at 294. Furthermore, Appellant has a history of not complying with the Rules of Bankruptcy Procedure, as shown by the Bankruptcy Court's recent dismissal of his entire proceeding for abusing the bankruptcy process, its prohibition of Appellant from filing any more petitions in that court for two years, and its referral of Appellant's conduct to the United States Attorney for criminal investigation. (*See* Bankr. S.D. Ohio Case No. 1:24-MP-00101, Order, Doc. 33, Pg. 2.). Appellant's failure to obey a Court order and pursue his appeal thus warrants dismissal under Rule 8003. *See In re Harris*, 968 F.2d 1214 (6th Cir. 1992) (table) (affirming the dismissal of a bankruptcy appeal in part due to appellant's history of late filings).

The Court therefore **ORDERS** the following:

(1) This appeal is **DISMISSED** for want of prosecution; and

(2) This case is **TERMINATED** from the Court's docket.

2

**IT IS SO ORDERED.**

                                             UNITED STATES DISTRICT COURT
                                             SOUTHERN DISTRICT OF OHIO

By: _____
                                          JUDGE MATTHEW W. McFARLAND